IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          *
                                  *
            v.                    *        CR 821-080
                                  *
BRENT CURRY.                      *
                                  *

## O R D E R

This case is before the Court following Defendant Brent Curry's change of plea. On January 6, 2022, Defendant pled guilty to a single count indictment for violation of 18 U.S.C. § 876(c): Mailing Threatening Communications. (Doc. 36.) He admits that on September 9, 2020, he knowingly caused to be delivered by the United States Postal Service a communication directed to a United States District Judge that contained threats that Defendant knew would place a reasonable person in fear of being injured or killed. (Doc. 27, at 1.) After pleading guilty, Defendant moved for a hearing to determine his present mental condition under 18 U.S.C. § 4244, requesting the Court "determine whether he is presently suffering from a mental disease or defect and whether, in lieu of imprisonment, he should be hospitalized for treatment." (Doc. 37, at 1.) The Court, reviewing Defendant's motion and its accompanying mental health evaluation and "finding reasonable cause to believe that [Defendant] may presently be suffering from a mental disease or defect," granted Defendant's motion on February

9, 2022.   (Doc. 38, at 1 (citing 42 U.S.C. § 4244(a).)   After giving notice of the hearing on March 25, 2022, the Court held the hearing on April 20, 2022 and now makes the findings below.

Defendant is a 25-year-old male with, as he describes, "a lengthy criminal history largely characterized by crimes committed while undergoing drug and mental health crises, and crimes committed while incarcerated." (Doc. 37, at 1.) Defendant retained Dr. Scot Machlus, a board-certified psychologist, to evaluate him and analyze the factors outlined in 18 U.S.C. § 4244(c). (Id. at 8-19.) Dr. Machlus conducted numerous tests and ultimately found that Defendant was competent to proceed in this case. (Id. at 16.) However, Dr. Machlus noted that Defendant suffers from several health conditions, including XYY Syndrome (leading to aggressive, antisocial behavior and other health issues), Attention Deficit Hyperactivity Disorder (ADHD), intellectual deficiencies (including a borderline IQ), depression, possible brain injury, and a history of drug abuse and dependence. (Id. at 16-18.) Dr. Machlus recommended that Defendant "receive mental health and substance abuse treatment to address his psychological symptomatology, reduce the likelihood of him relapsing, and to ensure that his behavior remains within the rules of society." (Id. at 18.) Dr. Machlus noted that Defendant "may require long-term treatment." (Id.) During the April 20, 2022 hearing, the Government did not object to Dr. Machlus' findings or

to Defendant's request for hospitalization pursuant to 18 U.S.C. § 4244, and Defendant was given an opportunity to testify.

Considering Dr. Machlus' report, Defendant's averments, Defendant's mental status, and the totality of this case, the Court finds that by a preponderance of the evidence, Defendant "is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment." 18 U.S.C. § 4244(d). Having reached this conclusion, the Court **ORDERS** that Defendant be committed to the custody of the Attorney General.

18 U.S.C. § 4244(d) provides that "[s]uch a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which [Defendant] was found guilty." Defendant pled guilty to one violation of 18 U.S.C. § 876(c), which provides he "shall be fined under this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 876(c). Accordingly, it is **ORDERED** that Defendant is provisionally sentenced to commitment for a period of ten years pursuant to 18 U.S.C. §§ 876(c), 4244(d), or until such time as the director of the facility in which Defendant is hospitalized determines that he has recovered from his mental disease or defect, or until such time as the Court grants a motion by Defendant for an order directing his discharge from hospitalization. 18 U.S.C. §§ 4244(d), 4247(h). The Court **RECOMMENDS** that Defendant be

designated to the Bureau of Prisons facility located in Butner, North Carolina, subject to any other regulation affecting such a designation. "When the director of the facility in which [Defendant] is hospitalized . . . determinates that [Defendant] has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in such a facility," such director **SHALL FILE** with the Clerk of Court "a certificate to that effect." 18 U.S.C. §§ 4244(e). At that time, the Court shall proceed to sentencing and may modify the provisional sentence.

Lastly, the Court **ORDERS** that pursuant to 18 U.S.C. § 4247(e), the director of the facility in which Defendant is hospitalized **SHALL** prepare annual reports concerning his mental condition and containing recommendations concerning the need for his continued hospitalization. The facility director **SHALL** submit these reports to the Clerk of Court, the Presiding Judge over this case (addressed to P.O. Box 1130, Augusta, Georgia 30903), the United States Attorney for the Middle District of Florida, and Defendant's counsel of record.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of April, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA